FUDE, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 7—December 3, 1935.*

The cause was submitted for the plaintiff in error on the brief of *J. E. O'Brien* of Fond du Lac, and for the defendant in error on that of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Alex Simpson,* dis-

trict attorney of Fond du Lac county, attorneys, and *T. L. Doyle* of Fond du Lac of counsel.

FAIRCHILD, J. The testimony given by the complainant of acts of sexual intercourse with defendant is certain as to dates. It accounts for the birth of the child July 24, 1934, following a perfectly normal period of pregnancy.

The defendant bases his case upon the proposition that the evidence does not warrant a finding that he was the father beyond reasonable doubt. But the evidence does show that he was frequently in the company of the complainant, and that he did have sexual intercourse with her. Their intimate relations continued, according to the defendant's own admissions, up to and including August of 1933, and there is other evidence made to appear upon the cross-examination of the defendant which discloses an association extending considerably beyond the period of time necessary for the sexual intercourse to have matured exactly as it has in this instance. If there is any dispute, it is over the existence of acts occurring between August and October 15th or 22d, of the year 1933. The evidence is of such a nature as to clearly create a question of fact. The case was tried to the court. The evidence amply sustains the findings of the court below, and requires the affirming of judgment as there rendered on the question of the defendant's guilt.

The conclusions of the trial court are amply sustained, not only by the evidence of the complainant, but by testimony of her mother as to conversations with the defendant, and by circumstances which were made to appear from the examination of the defendant.

*By the Court.*—Judgment affirmed.